10-1002-ag
Dong v. Holder

BIA
Schoppert, IJ
A094 915 977

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 19th day of May, two thousand eleven.

PRESENT:
DENNIS JACOBS,
*Chief Judge*,
DEBRA ANN LIVINGSTON,
DENNY CHIN,
*Circuit Judges*.

_____

SIHAI DONG, ALSO KNOWN AS SHIHAI DONG, SHI HAI DONG,
*Petitioner*,

v.                                    10-1002-ag
                                      NAC

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,
*Respondent*.

_____

FOR PETITIONER:     Farah Loftus, Law Office of Farah Loftus, Century City, California

FOR RESPONDENT:     Tony West, Assistant Attorney General; Jamie M. Dowd, Senior Litigation Counsel;

**Sabatino F. Leo, Trial Attorney, Office of Immigration Litigation, Civil Division, U.S. Department of Justice, Washington, D.C.**

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner, Sihai Dong, a native and citizen of the People's Republic of China, seeks review of a March 5, 2010, decision of the BIA affirming the May 14, 2008, decision of Immigration Judge ("IJ") Douglas B. Schoppert denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Sihai Dong*, No. A094 915 977 (B.I.A. March 5, 2010), *aff'g* No. A094 915 977 (Immig. Ct. N.Y. City May 14, 2008). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Under the circumstances of this case, we review both the IJ's and the BIA's opinions "for the sake of completeness." *Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir. 2008). The applicable standards of review are well-established. *See Corovic v. Mukasey*, 519 F.3d 90, 95 (2d Cir. 2008); *Bah v. Mukasey*, 529 F.3d 99, 110 (2d Cir. 2008).

Pursuant to the REAL ID Act which governs this case, an adverse credibility determination may be based on an asylum applicant's demeanor, the plausibility of his or her account, inconsistencies in his or her statements, the consistency of such statements with other evidence, and any inaccuracies or falsehoods in such statements, without regard to whether they go "to the heart of the applicant's claim."  8 U.S.C. § 1158(b)(1)(B)(iii).

The IJ reasonably found Dong not credible because: (1) his testimony that he feared returning to China because of his practice of Falun Gong was inconsistent with his statement to a Border Patrol Officer that he entered the United States only to "seek employment"; and (2) he provided insufficient corroboration to rehabilitate his otherwise incredible testimony.  Dong does not challenge either of these findings, which stand as valid bases for the IJ's adverse credibility determination.  *See Li v. Mukasey*, 529 F.3d 141, 146-47 (2d Cir. 2008); *see also* 8 U.S.C. § 1158(b)(1)(B)(iii).

The IJ also found Dong not credible based on: (1) his inconsistent testimony regarding the date of his detention and the length of time for which he was practicing Falun Gong at the time of his arrest; and (2) his inconsistent

3

testimony regarding the requirement that he report to Chinese authorities following his detention. Although Dong argues that these inconsistencies were too minor to support an adverse credibility determination, "an IJ may rely on *any* inconsistency or omission in making an adverse credibility determination as long as the 'totality of the circumstances' establishes that an asylum applicant is not credible." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008) (emphasis in original). Dong further asserts that he testified inconsistently because he was "very nervous" and explains that he did not mention the requirement that he report to the police because he did not believe it was "quite important." Although Dong provided these possible explanations for his inconsistent testimony, no reasonable factfinder would be *compelled* to credit these explanations. *See Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005).

Given the inconsistencies among Dong's statements, the adverse credibility determination is supported by substantial evidence. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). Because the only evidence that Dong would be persecuted or tortured depended on his credibility, the IJ properly denied his applications for asylum, withholding of removal, and CAT relief. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir.

4

2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk